**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIAM E. DREW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 13-CV-227-JED-TLW |
| ) | |
| TUNICA COUNTY CIRCUIT COURT, ) | |
| TUNICA, MISSISSIPPI, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

On April 22, 2013, Petitioner, a state inmate appearing *pro se*, filed a petition for writ of habeas corpus (Doc. 1). Petitioner is presently incarcerated at Dick Conner Correctional Center, located in Hominy, Oklahoma. For the reasons discussed below, the Court finds Petitioner shall be required to show cause why his petition for writ of habeas corpus should not be dismissed for failure to exhaust state court remedies.

As a preliminary matter, because Petitioner challenges the execution of his sentence by attacking the validity of a detainer for an untried indictment lodged against him by the State of Mississippi, this matter is properly adjudicated under 28 U.S.C. § 2241, rather than § 2254. See Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (finding that a petition filed by a state prisoner challenging the execution of a sentence, rather than the validity of a conviction and sentence, is properly brought under 28 U.S.C. § 2241, not § 2254).

*BACKGROUND*

Petitioner is presently in the custody of the Oklahoma Department of Corrections (ODOC) pursuant to a Judgment and Sentence entered in Tulsa County District Court, Case No. CF-2004-4268. In that case, he was convicted of Shooting With Intent to Kill and sentenced to ten (10) years

imprisonment. According to the website maintained by the ODOC, Petitioner's term of imprisonment will end August 15, 2014. See www.doc.state.ok.us.

In his petition, Petitioner attacks a detainer issued by Tunica County Circuit Court, Tunica, Mississippi (Doc. 1). He claims he has been denied his right to a fast and speedy trial. The record reflects that Petitioner received notice that a detainer had been lodged against him by the State of Mississippi for untried charges filed in Tunica County, Mississippi, in November 2006 (*id.* at 10, letter from Gov. Brad Henry). Petitioner had been charged with gaming violations by the Grand Jury in a three count indictment filed in Tunica County Circuit Court, Case No. 2005-0137 (*id.* at 13-14). Petitioner states that he has tried for 4 ½ years to resolve the case pending in Mississippi and has exhausted any available remedy (*id.* at 5). In support of his claim that he has exhausted available state remedies, he asserts that on February 6, 2009, he filed a "Motion for Fast and Speedy Trial," in Tunica County Circuit Court, Case No. 2005-00137, but that, to date, he has never been notified of any ruling on his motion, despite repeated inquiries (*id.* at 3). He also attaches letters written to the governors of Mississippi and Oklahoma, the Lieutenant Governor of Oklahoma, the Tunica County District Attorney, Mississippi Legal Services, the Extradition Coordinator for the State of Oklahoma, the Oklahoma Attorney General, the General Counsel's Office for the Oklahoma Department of Corrections, the Appellate Court Clerk of the Mississippi Supreme Court, and the Tunica County Circuit Court Judge (*id.* at 17-26, 28-30, 34).

*ANALYSIS*

A threshold question for any habeas corpus action is whether the petitioner has exhausted his state remedies before filing the habeas action. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973) (a petitioner must exhaust all state remedies as a prelude to seeking federal habeas corpus relief attacking an interstate detainer). The Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 722, 731 (1991); see also Rose v. Lundy, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b). The exhaustion requirement is based on the doctrine of comity. Rose, 455 U.S. at 518. Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (*per curiam*). Like § 2254's requirement of exhaustion of state remedies, a prisoner seeking relief under § 2241 must exhaust state remedies. Montez, 208 F.3d at 865.

Exhaustion of judicial remedies for a federal claim may be accomplished by either showing (a) the state's appellate court had an opportunity to rule on the same claim presented in federal court, or (b) there is an absence of an available State corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. Therefore, unless Petitioner has in fact presented his constitutional claim(s) to Mississippi's highest appellate court, or there is no available procedural mechanism for Petitioner to present his constitutional claim(s) to the Mississippi's highest appellate court, then Petitioner is in federal court prematurely and his 28 U.S.C. § 2241 petition is subject to being dismissed without prejudice.

Nothing provided by Petitioner suggests that he has commenced an action in the proper Mississippi appellate court. Although Petitioner filed a motion to dismiss in Tunica County District Court, he does not allege that he sought relief from the Mississippi Supreme Court. While the record provided by Petitioner contains a letter written to the Appellate Court Clerk, (Doc. 1, at 30), Petitioner has not filed for extraordinary relief, such as a petition for writ of mandamus, from the highest Mississippi state court. Under these circumstances, this Court finds that Petitioner has failed to demonstrate that he has exhausted all available state remedies. Hence, his habeas corpus petition is subject to being dismissed for failure to exhaust.

Furthermore, as noted by Petitioner, Mississippi is one of two states that has not enacted the Interstate Agreement on Detainers Act (IADA).[1] One of the purposes of the IADA is to "provide for the speedy disposition of charges filed in one jurisdiction against prisoners who are serving sentences in another jurisdiction." Birdwell v. Skeen, 983 F.2d 1332, 1335 (5th Cir. 1993). However, in the absence of the IADA, "a jurisdiction [can] file a detainer on a prisoner and refuse to prosecute its case until the prisoner's release from incarceration in the first jurisdiction." Id. That

---

[1]The IADA is an agreement between the federal government, the District of Columbia, and forty-eight states (excluding Mississippi and Louisiana). 18 U.S.C. App. 2, § 2; United States v. Zwick, 2011 WL 666182 (W.D. Pa. Feb. 14, 2011); Munez v. United States, 2010 WL 2925917, at *4 (D. N.J. July 21, 2010). "The [IADA] creates uniform procedures for lodging and executing a detainer, i.e., a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime." Alabama v. Bozeman, 533 U.S. 146, 148 (2001). "The [IADA] provides for expeditious delivery of the prisoner to the receiving State for trial prior to the termination of his sentence in the sending State. And it seeks to minimize the consequent interruption of the prisoner's ongoing prison term." Id. The IADA requires that a receiving state bring a prisoner to trial within one-hundred and twenty (120) days. 18 U.S.C. App. 2, § 2, art. IV(c). In addition, the "anti-shuttling provision" of the IADA mandates, among other things, that an indictment against the prisoner be dismissed if the prisoner is returned to the original place of imprisonment prior to being brought to trial in the receiving state. 18 U.S.C. App. 2, § 2, art. IV(e); see also Munez, 2010 WL 2925917, at *4.

4

appears to be exactly what has happened here. Therefore, because the IADA does not apply, Petitioner's habeas corpus claim based on violation of his right to a speedy trial may be subject to being dismissed even if Petitioner has exhausted state remedies.

In light of the considerations discussed above, Petitioner shall be required to file a response to this Opinion and Order demonstrating why his petition for writ of habeas corpus should not be dismissed for failure to exhaust state court remedies.

**ACCORDINGLY, IT IS HEREBY ORDERED that** within thirty (30) days of the entry of this Order, or on or before **June 14, 2013**, Petitioner shall file a response to this Opinion and Order demonstrating why his petition for writ of habeas corpus should not be dismissed for failure to exhaust state court remedies.

**Failure to comply with this Order may result in the dismissal of this action without prejudice and without further notice.**

**DATED THIS** 14th day of May, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE